# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2010

Lyle W. Cayce
Clerk

No. 09-60550
Summary Calendar

WEN LONG DAI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 057 007

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wen Long Dai, a citizen of the People's Republic of China, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). His application was denied based on adverse credibility findings made by the Immigration Judge (IJ), which were upheld by the Board of Immigration Appeals (BIA) when it dismissed Dai's administrative appeal.

Dai contends that the credibility findings of the IJ and BIA were unsupported by the record. He argues that he fully explained the apparent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrepancy concerning the signing of the sterilization document he claims to have received, which was dated while he was in Europe; that the finding that his wife's abortion was not coerced was not supported by the record; and that the IJ and BIA erred by basing a credibility finding as to when he was fired on Dai's failure to file a complete asylum application. Dai makes no arguments as to his eligibility for relief based on the facts as he sees them; rather, he states merely that the "application for asylum [and] withholding of removal should be granted" because the credibility determinations were incorrect.

We review an immigration court's rulings of law de novo and its findings of fact to determine if they are supported by substantial evidence in the record. *Zhu v. Gonzales,* 493 F.3d 588, 594 (5th Cir. 2007). Among the findings of fact that this court reviews for substantial evidence is an immigration court's conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Pursuant to the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (emphasis in original) (citation omitted). We will defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id*. at 538 (internal quotation marks and citation omitted).

Dai's inconsistent and changing accounts about when he signed the sterilization notice and when he received his termination letter were such that we cannot say that no reasonable factfinder would have found his testimony noncredible. *See id*. The hospital record for Dai's wife suggested that her abortion was performed for medical reasons and not as the result of China's population control policies. We cannot say that no reasonable factfinder would have found Dai's testimony to the contrary noncredible. *See id*.

2

All of Dai's claims were based on his alleged resistance to China's population control policies. Because the credibility determinations of the IJ and BIA withstand our review, the decision to deny Dai relief is supported by substantial evidence. *See Zhang*, 432 F.3d at 344.

PETITION DENIED.